IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TARA GRAY**<br><br>　　　Plaintiff,<br>v.<br><br>**CHEVRON U.S.A. INC.**<br><br>　　　Defendant | CA No. _____<br><br>JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory and actual damages; and costs and attorney's fees for discrimination and retaliation suffered by Plaintiff, TARA GRAY, due to CHEVRON U.S.A. INC. taking adverse employment actions against her. This action arises under the Title VII of the Civil Rights Act, as amended.

2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and Title VII of the Civil Rights Act, as amended, 28 U.S.C. § 1331.

2.2. Jurisdiction is appropriate because Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission alleging discrimination and retaliation.

2.3. Jurisdiction is also appropriate since the EEOC issued a decision allowing the Plaintiff the right to sue.

2.4. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 2202 and Title VII of the Civil Rights Act, as amended.

2.5.   Actual damages, to include back pay and front pay are sought pursuant to Title VII of the Civil Rights Act, as amended.

2.6.   Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and Title VII of the Civil Rights Act, as amended.

2.7.   Compensatory damages may be awarded pursuant to Title VII of the Civil Rights Act, as amended.

### 3.   VENUE

3.1.   Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.  Defendant's place of business is located in the district.

### 4.   PARTIES

4.1.   Plaintiff, TARA GRAY, was an employee of Defendant and at the time her causes of action accrued; she was and is a resident of Harris County.

4.2.   Defendant, CHEVRON U.S.A. INC. is an employer and employs more than 500 employees and engages in interstate commerce. Service can be effectuated by serving its Registered Agent Prentice-Hall Corp System, Inc., 211 E. 7th Street Suite 620, Austin, Tx 78701-3218.

### 5.   STATEMENT OF THE CLAIMS

5.1.   FACTS

5.2    Chevron U.S.A. Inc. ("Chevron") employed Plaintiff from May 2011 until her termination on January 22, 2016 as the Project Management Academy Lead.  Plaintiff has a strong reputation for leadership, the Chevron Way, CSOC, and We Lead behaviors, building and sustaining partnerships, her work and the quality of her work, delivering

results, and, in recognition, had received accolades within and outside of Chevron for her achievements and for being a consistently high performer.

5.3  As Project Management Academy Lead, Plaintiff supervised several Chevron employees. One of the employees on the Plaintiff's team was a man named Alonso Fierro. Mr. Fierro sought the Plaintiff's position on numerous occasions beginning in 2014. After it was determined that Mr. Fierro was not eligible for the Plaintiff's position, he filed a complaint against the Plaintiff in January 2015. Chevron investigated, and the Plaintiff was exonerated of any wrongdoing.

5.4  Though Plaintiff was exonerated, this did not stop Mr. Fierro, however, and over the course of 2015, Mr. Fierro instigated three additional baseless complaints against the Plaintiff.

5.5  Chevron treated Plaintiff differently than Mr. Fierro during its investigations regarding Plaintiff even though Plaintiff repeatedly offered documents, evidence, and witnesses to prove that the complaints were unsubstantiated. To the contrary, Mr. Fierro was not disciplined despite documentation of previous and continuing performance, behavior, and insubordination issues. Chevron's human resources department ("HR") and Employee Relations ("ER") department acknowledged that Mr. Fierro should have been disciplined but declined to take action against him.

5.6  A male contract employee, Gabriel Villareal, violated Chevron's confidentiality and intellectual property policies and was not disciplined by Chevron, even though the Plaintiff continued to be investigated for unfounded complaints regarding confidentiality.

5.7  A male management employee, Robert Kath, was exonerated after being investigated for harassment and hostile work environment charges, while the female employee, Dana Cradeur, was terminated.

5.8   Plaintiff repeatedly complained that she was being harassed and that Chevron was taking no action to address the growing hostile work environment.

5.9   On September 21, 2015, Plaintiff complained to HR that she was being treated differently and less favorably than the male employees. In October, Plaintiff provided a timeline documenting how she was being harassed and detailing several examples of how HR and ER was mishandling the situation. A document which Managed reviewed and offered changes before submitting to HR and ER. On November 6, 2015, Plaintiff again engaged in protected activity by complaining of discrimination to ER and escalating her complaints to management.

5.10  On January 22, 2016, Defendant terminated Plaintiff. Chevron found justification in the termination by citing to the investigations despite the fact Plaintiff was cleared of any wrongdoing by Defendant. The Texas Workforce Commission ("TWC") determined that the Plaintiff did not commit misconduct in her unemployment claim and that she was exonerated of Chevron's stated reasons for termination. The TWC upheld its decision to award the Plaintiff benefits despite several appeals from Chevron.

5.11  Defendant treated Plaintiff differently and less favorably than her male counterparts and discriminated against her due to her gender. Defendant retaliated against Plaintiff for raising protected complaints about gender discrimination, harassment, and hostile work environment. Defendant violated the Title VII of the Civil Rights Act, as amended.

5.12  The above-described actions of Defendants were so outrageous in character and so extreme in degree that they exceeded all possible bounds of decency and can only be regarded as atrocious and utterly intolerable in a civilized community.

5.13  As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to, psychological damage,

humiliation and embarrassment among co-workers, peers, colleagues, and others; sustained damage to Plaintiff credibility; sustained damage to Plaintiff's career and prospects for future employment.

## 6 ADMINISTRATIVE CONDITIONS PRECEDENT

6.3   Plaintiff brought this suit within ninety (90) days from the date of receipt of the EEOC's issuance of the notice of right to sue.

6.4   Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination.

## 7 PRAYER

7.3   WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

   7.3.1   Declare Defendant conduct in violation of Plaintiff's rights;

   7.3.2   Enjoin the Defendant from engaging in such conduct;

   7.3.3   Order Defendant to pay Plaintiff actual damages including but not limited to, back pay and front pay and benefits for which Plaintiff was qualified for the period remaining until Plaintiff's normal retirement age.

   7.3.4   Order Defendant to pay Plaintiff's costs and attorneys' fees in this action.

   7.3.5   Award Plaintiff compensatory damages for benefits and emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   7.3.6   Grant Plaintiff pre-judgment and post-judgment interest;

   7.3.7   Award Plaintiff punitive damages;

   7.3.8   Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

   7.3.9   Order and grant such other relief as is proper and just.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG & SPROVACH
3518 Travis
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF